1   J. Kevin Snyder, SBN: 107509
    ksnyder@dykema.com
2   **DYKEMA GOSSETT LLP**
    333 South Grand Avenue
3   Suite 2100
    Los Angeles, California 90071
4   Telephone:  (213) 457-1800
    Facsimile:   (213) 457-1850
5
6   Howard B. Iwrey, (pro hac pending)
    hiwrey@dykema.com
7   Dante A. Stella, (pro hac pending)
    dstella@dykema.com
8   **DYKEMA GOSSETT PLLC**
    400 Renaissance Center
9   Detroit, Michigan  48243
    Telephone: (313) 568-6800
10  Facsimile: (313) 568-6832

11  [Additional Counsel Listed
    On Signature Page]

12  Attorneys for Defendant
    AUTO PARTS INDUSTRIAL, LTD.

13

14              **UNITED STATES DISTRICT COURT**

15              **CENTRAL DISTRICT OF CALIFORNIA**

16  VEHIMAX INTERNATIONAL, LLC,          Case No. CV09-6437 SVW (JEMx)
    on behalf of itself and all others similarly
17  situated,                            **DEFENDANTS AUTO PARTS**
                                         **INDUSTRIAL, LTD. AND GORDON**
18              Plaintiff,               **AUTO BODY PARTS' NOTICE OF**
                                         **MOTION AND MOTION TO**
19          vs.                          **TRANSFER VENUE;**
                                         **MEMORANDUM OF POINTS AND**
20  JUI LI ENTERPRISE COMPANY,           **AUTHORITIES IN SUPPORT**
    LTD.; TAIWAN KAI YIH                 **THEREOF**
21  INDUSTRIAL CO., LTD.; GORDON
    AUTO BODY PARTS; AUTO PARTS          Date:        March 22, 2010
22  INDUSTRIAL, LTD.,                    Time:        1:30 P.M.
                                         Courtroom:   6
23              Defendants.              Judge:       Hon. Stephen V. Wilson

24                                       Filed/Lodge Concurrently:
                                         1.  Declaration of Howard V. Iwrey
25                                       2.  Proposed Order

26

27

28

*Side margin text:* DYKEMA GOSSETT LLP / 333 SOUTH GRAND AVENUE / SUITE 2100 / LOS ANGELES, CALIFORNIA 90071

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    **PLEASE TAKE NOTICE THAT** on March 22, 2010 at 1:30 p.m. or as soon

3    thereafter as this matter may be heard, in courtroom 6 of the United States District

4    Court for the Central District of California, Defendants Auto Parts Industrial, Ltd.

5    ("AP") and Gordon Auto Body Parts, by their attorneys, Dykema Gossett and Ropers

6    Majeski Kohn & Bentley PC (collectively, "Defendants"), and pursuant to 28 U.S.C.

7    § 1404(a), move this Court for entry of an Order transferring this Action to the U.S.

8    District Court for the Eastern District of Wisconsin.  This Motion is made on the

9    grounds that:

10         1.    There is an identical action against the same defendants in this action,

11   with the exact same operative claims, exact same allegations, and the exact same

12   putative class, pending in the U.S. District Court for the Eastern District of

13   Wisconsin.

14         2.    Venue is proper not only in this Court, but also in the U.S. District Court

15   for the Eastern District of Wisconsin ("Eastern District of Wisconsin").

16         3.    It is in the interest of justice to transfer this case to the Eastern District of

17   Wisconsin, because consolidation of the two cases would prevent duplicative

18   litigation; potentially inconsistent results and rulings; and the waste of time, money,

19   judicial, and other resources.

20         4.    Both the parties and the public would benefit from a transfer to the

21   Eastern District of Wisconsin, because the identical pending cases are more

22   conveniently consolidated in that forum than in the U.S. District Court for the Central

23   District of California.

24         This Motion is based on this Notice of Motion, the accompanying

25   Memorandum of Points and Authorities, the Declaration of Howard Iwrey, the

26   pleading and records a file herein, and such further evidence and argument as may be

27   presented at the hearing.

28   ///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   This motion is made following the conference of counsel pursuant to L.R. 7-3, which

2   took place on January 12, 2010.

3   Date: February 9, 2010                    DYKEMA GOSSETT LLP

4

5                                        By: C. Kevin Snyder

6                                             J. Kevin Snyder
                                             Attorneys for Defendant
7                                            AUTO PARTS INDUSTRIAL, LTD.

8

9   Date: February 9, 2010                    ROPERS MAJESKI KOHN &
                                             BENTLEY PC
10

11

12                                       By:
                                             Timothy L. Skelton
13
                                             Ropers Majeski Kohn & Bentley PC
14                                           515 South Flower Street, Suite 1100
                                             Los Angeles • CA • 90071-2213
15                                           Phone: (213) 312-2000
                                             Fax: (213) 312-2001
16                                           tskelton@ropers.com

17                                           Attorneys for Defendant
                                             GORDON AUTO BODY PARTS
18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## TABLE OF CONTENTS

I.      INTRODUCTION...................................................................................1

II.     STATEMENT OF FACTS....................................................................2

        A.      Procedural Background.............................................................2

        B.      Location Of Parties And Witnesses.........................................3

III.    ARGUMENT .........................................................................................5

        A.      Transfer To The E.D. Wisconsin Is Appropriate....................5

                i.      Standard for Section 1404(a) Transfers.........................5

                ii.     Venue Is Proper Both Here And In the Eastern District Of
                        Wisconsin. ......................................................................6

                iii.    A Transfer to, and Consolidation in, the Eastern District of
                        Wisconsin Will Promote the Interest of Justice. ...........6

                iv.     A Transferred and Consolidated Action Would Be the Most
                        Convenient For The Parties And Witnesses....................8

                        a.      The Plaintiffs' Choice Of Forum Should Be
                                Disregarded Here...............................................8

                        b.      The Eastern District Of Wisconsin Is The Most
                                Convenient District For The Parties...................9

                        c.      The Eastern District Of Wisconsin Is The Most
                                Convenient District For The Witnesses. .........10

                        d.      Relevant Evidence Is Most Accessible From The
                                Eastern District Of Wisconsin.........................11

                        e.      The Eastern District Of Wisconsin Is Equally
                                Capable Of Adjudicating The Plaintiffs' Federal
                                Antitrust Claims. .............................................11

                        f.      Transfer To The Eastern District Of Wisconsin
                                Would Allow For The Consolidation Of The
                                Plaintiffs' Actions...........................................12

                        g.      The Eastern District Of Wisconsin Does Not Have A
                                Congested Docket Compared To The Central District
                                Of California....................................................12

IV.     CONCLUSION AND REQUEST FOR RELIEF .............................13

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

CASES

3

*A.J. Industries, Inc. v. United States District Court for Cent. Dist.*,
4     503 F.2d 384 (9th Cir. 1974) ............................................................................ 7

5

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ............................................................................ 9
6

7

*Bailey v. Union Pacific*,
    364 F. Supp.2d 1227 (D. Colo. 2005) ............................................................ 8

8

*Coker v. Bank of America*,
9     984 F.Supp. 757 ........................................................................................... 10, 11

10

*Continental Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960) ............................................................................................ 6
11

12

*DealTime.com Ltd., v. McNulty*,
    123 F.Supp.2d 750 (S.D.N.Y. 2000) ............................................................ 11

13

*Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., Series A*,
14     537 F. Supp. 1241 (S.D.N.Y. 1982) ........................................................ 7, 12

15

*Firmani v. Clarke*
    325 F.Supp. 689 (D. Del. 1971) ..................................................................... 9
16

17

*Goodyear Tire & Rubber Co. v. McDonnell Douglass Corp.*,
    820 F.Supp. 503 (C.D. Cal. 1992) ................................................................. 5

18

*In re Genesisintermedia, Inc. Securities Litigation*,
19     2003 WL 25667662 (C.D. Cal., 2003) .................................................. 5, 7, 8

20

*In re United States*,
    273 F.3d 380 (3d Cir. 2001) ............................................................................ 5

21

*Jaramillio v. DineEquity, Inc.*,
22     --F.Supp.2d--, 2009 WL 3287406 (N.D. Ill. 2009) .............................. 10, 12

23

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ...................................................................... 6, 8
24

25

*Koster v. (American) Lumbermens Mut. Cas. Co.*,
    330 U.S. 518, 524 (1947) ................................................................................. 8

26

*Liggett Group, Inc. v. R..J. Reynolds Tobacco Co.*,
27     102 F. Supp.2d 518 (D.N.J. 2000) .................................................................. 7

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Lou v. Belzberg,*
   834 F.2d 730 (9th Cir. 1987) ........................................................................ 8

*National Super Spuds, Inc. v. New York Mercantile Exchange,*
   425 F. Supp. 665 (S.D.N.Y. 1977) ............................................................. 12

*Northwest Airlines, Inc. v. American Airlines, Inc.,*
   989 F.2d 1002 (8th Cir. 1993) ..................................................................... 9

*Pratt v. Rowland,*
   769 F.Supp. 1128 (N.D. Cal. 1991) .............................................................. 6

*U.S. ex rel. Adrian v. Regents of the Univ. of Calif.,*
   2002 WL 334915 .......................................................................................... 7

*U.S. ex rel. Swan v. Covenant Care, Inc.*
   1999 WL 760610 (N.D. Cal. 1999) ............................................................... 7

*Van Dusen v. Barrack,*
   376 U.S. 612 (1964) ..................................................................................... 5

*Wayne County Employees' Retirement System v. MGIC Investment Corp.,*
   604 F.Supp.2d 969 (E.D. Mich. 2009) .......................................................... 8

*Wiley v. Trendwest Resorts, Inc.,*
   2005 WL 1910934 (N.D. Cal. 2005) .............................................................. 9

## RULES

Fed. R. Civ. P. 23(a)(3) .................................................................................... 11

Fed. R. Civ. P. 42(a) ................................................................................... 6, 12

Rule 34 .............................................................................................................. 11

## STATUTES

15 U.S.C. § 22 .................................................................................................... 6

28 U.S.C. § 1404(a): ........................................................................................... 1

28 U.S.C. § 1407 ............................................................................................. 3, 9

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Auto Parts Industrial, Ltd. ("AP") and Gordon Auto Body Parts, by their attorneys, Dykema Gossett and Ropers Majeski Kohn & Bentley PC (collectively, "Defendants") submit the following Memorandum of Points and Authorities in Support of the Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a):

## I.    INTRODUCTION

On September 3, 2009, at 3:49 P.M. Pacific Time, Plaintiff Vehimax International, LLC, ("Vehimax") filed with this Court an antitrust action, seeking certification of a nationwide class of direct purchasers of aftermarket sheet metal automotive parts ("AM Sheet Metal Parts"). Neither the named Plaintiff nor any of the Defendants were residents of, incorporated in or have any office or operations in California. Four of the named Defendants were located in Taiwan; only one was located in California. The very next day, Vehimax's attorneys filed, in the Eastern District of Wisconsin, an identical action against the same Defendants in this action, with the same operative claims and allegations and the same putative nationwide class of AM Sheet Metal purchasers (the "E.D. Wisconsin Case").

Vehimax's attorneys later dismissed the sole California Defendant in this case and filed an Amended Complaint in the E.D. Wisconsin Case but, for some reason, not in this instant case.

Defendants therefore move pursuant to 28 U.S.C. § 1404(a) for entry of an Order transferring this Action to the U.S. District Court for the Eastern District of Wisconsin. Transfer would clearly be in the interests of justice, because it would prevent duplicative litigation, would ensure that time, energy, and money is not wasted by the litigation of two essentially identical cases, and would protect the parties and the public against unnecessary inconvenience and expense. Additionally, as set forth below, because all Defendants are located in Taiwan or Texas and members of the putative class are located all over the U.S., no particular forum is

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

1    particularly convenient for parties or witnesses.  However, the E.D. Wisconsin is

2    more convenient than this District because the named plaintiff in that action is located

3    there.  Moreover, because selection of this district appears to have been a result of

4    forum-shopping, because both actions seek certification of identical nationwide

5    classes and because Vehimax is not located in this District, Vehimax's selection of

6    this forum should be disregarded.  For these reasons, this action should be transferred

7    to the Eastern District of Wisconsin.

8    **II.    STATEMENT OF FACTS**

9        **A.    Procedural Background**

10           Two nationwide antitrust actions, seeking certification of the same nationwide

11   classes, with identical operative allegations, were filed within 24 hours of each other.

12   This case ("the California Action") was filed on September 3, 2009, at 3:49 p.m.  The

13   very next day, on September 4, 2009, *Fond due Lac Bumper Exchange, Inc. et. al. v.*

14   *Jui Li Enterprise Co., Ltd., et. al.* (E.D. Wis. Case No. 2:09-CV-00852-LA) ("the

15   Wisconsin Action"), was filed.  Ex. 1 to Declaration of Howard B. Iwrey in Support

16   of Motion to Transfer Venue, Ex. A hereto ("Iwrey Dec.").  Both Actions alleged that

17   the numerous Defendants conspired to lower output, raise prices, or both, with

18   respect to AM Sheet Metal Parts in the United States.  *Compare* Calif. Complaint at

19   ¶¶ 20-38 and Wisc. Complaint, Ex. 1 to Iwrey Dec. at ¶¶ 20-38.  Moreover, both

20   actions alleged the following putative class:

21               All persons and entities in the United States that purchased
                 AM Sheet Metal Parts in the United States, and its
22               territories and possessions, directly from a Defendant
                 between at least as early as January 1, 2003 and the present
23               (the "Class Period").

24        *Compare* Calif. Complaint at ¶ 47 and Wisc. Complaint, Ex. A at ¶ 47.

25   Plaintiffs amended their Complaints in the Wisconsin Action on January 8, 2010.

26   The Wisconsin Amended Complaint contain the identical putative class.  *Compare*

27   Calif. Complaint at ¶ 47 and Wisc. Am. Complaint, Ex. 2 to Iwrey Dec. at ¶93.

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

CV09-6437 SVW (JEMx)
NOTICE AND MOTION TO TRANSFER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES

1    These two cases were clearly orchestrated by the same attorneys, indicating

2  forum shopping.  First, counsel for Vehimax is also counsel for plaintiff in the

3  Wisconsin Action.  *See* Appearance of Jason S. Hartley, Ex. 3 to Iwrey Dec.  Second,

4  shortly after filing their Complaints, and before attempting to serve any Defendant,

5  Vehimax, pursuant to 28 U.S.C. § 1407, came before the United States Judicial Panel

6  on Multidistrict Litigation ("JPML"), and moved to consolidate the California and

7  Wisconsin actions and transfer them to the Central District of California ("Motion for

8  Consolidation").  *See* Plaintiff Vehimax International LLC's Motion for

9  Consolidation and Transfer of Related Antitrust Actions to the Central District of

10  California and Memorandum of Points and Authorities is Support Thereof, filed with

11  the Judicial Panel on Multidistrict Litigation, Ex. 4 to Iwrey Dec.  Vehimax argued

12  that this action and the Wisconsin action "involve the same issues of complex

13  antitrust jurisprudence [and] common factual and legal questions." *Id.* at 4.  Vehimax

14  also concluded that:

15          There can be little question that consolidation will promote
            just and efficient conduct of the actions . . . ." [*id.*]
16

17  Finally, shortly after the JPML denied the Vehimax's Motion for

18  Consolidation, the lead Plaintiff in the Wisconsin Action, Fond du Lac Bumper

19  Exchange, Inc., ("Fond du Lac") filed a Motion to Appoint Interim Class Co-Lead

20  and Liaison Counsel, requesting that Mr. Hartley, Vehimax's counsel, be appointed

21  as <u>lead counsel</u> in the Wisconsin Action.  Ex. 5 to Iwrey Dec.

22  **B.    <u>Location Of Parties And Witnesses</u>**

23       Vehimax, the named plaintiff in this Action, is not located within this judicial

24  district.  Vehimax is incorporated under Texas law and has its principal place of

25  business in Laredo, Texas.   Calf. Complaint at ¶ 10.   The named plaintiff in

26  Wisconsin Action, on the other hand, is incorporated under Wisconsin law and has its

27  principal place of business in Fond du Lac, Wisconsin.   Wisconsin Action Am.

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Complaint, Ex. 2 to Iwrey Dec. at ¶ 10.  Fond du Lac is in Fond du Lac county[1], which is within the Eastern District of Wisconsin.[2]  Clearly, employees and former employees of Fond du Lac are likely to be found in E.D. Wisconsin.

Both actions involve overlapping defendants, four of which are located in Taiwan:[3]

- Jui Li Enterprise Co., Ltd.;
- Taiwan Kai Yih Industrial Co., Ltd.;
- Gordon Auto Body Parts; and
- Auto Parts Industrial, Ltd.

Calf. Complaint at ¶¶ 11-17; Wisconsin Action Am. Complaint, Ex. 2 to Iwrey Dec. at ¶¶ 11-16.  The other Defendants in the Wisconsin Action, Cornerstone Auto Parts, LLC and TYG Products, L.P., are located in Texas.  Wisconsin Action Am. Complaint, Ex. 2 to Iwrey Dec. at ¶¶ 12; 15.  Therefore neither forum is more convenient with respect to Defendants.

Non-party witnesses are likely found throughout the United States, or even around the globe, given the putative nationwide class alleged, as there is no allegation that the wrongful activities took place in the United States, and in fact both Plaintiffs allege personal jurisdiction based on *effects* throughout the United States, rather than alleging it based on actions taken within the United States.  *See* Calif. Am. Complaint at ¶9; Wisc. Am. Complaint, Ex. 2 to Iwrey Dec. at ¶9.

The only allegation relating to third parties appears in ¶¶ 66-69 of the Wisconsin Amended Complaint.  *See* Wisc. Am. Complaint, Ex. 2 to Iwrey Dec. at ¶¶ 66-69.  There, it is alleged that customers often require that parts be certified by

---

[1] *See* http://www.fdlco.wi.gov/index.aspx?page=605

[2] *See* http://www.justice.gov/usao/wie/jurisdiction.html

[3] One former defendant, Gordon Auto Parts USA, Inc. ("Gordon USA") is located in California; however, this defendant has since been dismissed. Thus, no remaining parties in this Action are California residents. *See* Stipulation to Dismiss Defendant Gordon Auto Parts USA (Dkt. 19).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

1  Certified Automotive Parts Association ("CAPA")[4] and Manufacturers' Qualification

2  and Validation Program ("MQVP").  CAPA certification takes place at a lab located

3  in Grand Rapids, Michigan, which is substantially closer (i.e., just over 100 miles

4  away) to the E.D. Wisconsin than to this Court.  Iwrey Dec. at ¶ 7.  MQVP

5  certification is completed at a lab located in Troy, Michigan, which is approximately

6  250 miles to the E.D. Wisconsin, but almost 2,000 miles from this Court.  *Id.* at ¶ 8.

7  **III.   ARGUMENT**

8       **A.   Transfer To The E.D. Wisconsin Is Appropriate**

9           i.   Standard for Section 1404(a) Transfers.

10     Section 1404(a) provides that: "[f]or the convenience of the parties and

11 witnesses, and in the interest of justice, a district court may transfer any civil action to

12 any other district or division where an action might have been brought."  The purpose

13 of this section is to "prevent the waste of time, energy and money and to protect

14 litigants, witnesses, and the public against unnecessary inconvenience and expense."

15 *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *In re Genesisintermedia, Inc.*

16 *Securities Litigation*, 2003 WL 25667662, at *1 (C.D. Cal., 2003) (Wilson, Dist.

17 Judge).

18     To support a motion for transfer, the moving party must establish (1) that

19 venue is proper in the transferor district; (2) that the transferee district is one where

20 the action might have been brought; and (3) that the transfer will serve the

21 convenience of the parties and witnesses and will promote the interests of justice.

22 *See Goodyear Tire & Rubber Co. v. McDonnell Douglass Corp.*, 820 F.Supp. 503,

23 506 (C.D. Cal. 1992).  The moving party is not required to show compelling

24 circumstances for transfer of venue; rather, it must show that, considering all relevant

25 circumstances, the case would be better adjudicated in another district.  *In re United*

26 *States*, 273 F.3d 380, 399 (3d Cir. 2001).  A motion to transfer lies within the broad

27

28     [4] *See* http://www.capacertified.org/.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

CV09-6437 SVW (JEMx)
NOTICE AND MOTION TO TRANSFER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES

1    discretion of the district court, and must be determined on a case-by-case basis. *See*

2    *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

3         Transfer of this case to the Eastern District of Wisconsin is also the only

4    effective means of avoiding duplicate trail and pretrial proceedings for essentially

5    identical cases, because the Eastern District of Wisconsin would have the power to

6    consolidate both cases pursuant to Fed. R. Civ. P. 42(a).  Defendants intend to move

7    the Eastern District of Wisconsin to consolidate these two cases if this Court grants

8    the instant motion.

9            ii.    <u>Venue Is Proper Both Here And In the Eastern District Of</u>

10                    <u>Wisconsin.</u>

11        AP is *able* to establish both that venue is proper in the transferor district (this

12   Court) and that this action could have been brought in the transferee district (the

13   Eastern District of Wisconsin).  15 U.S.C. § 22 states,

14             Any suit, action, or proceeding under the antitrust laws
     against a corporation may be brought not only in the

15             judicial district whereof it is an inhabitant, but also in any
     district wherein it may be found or transacts business; and

16             all process in such cases may be served in the district of
     which it is an inhabitant, or wherever it may be found.

17   Because this is an antitrust case, venue is proper in any district in the United States.

18           iii.   <u>A Transfer to, and Consolidation in, the Eastern District of</u>

19                    <u>Wisconsin Will Promote the Interest of Justice.</u>

20        The "interest of justice" factor is the most important factor for this Court to

21   consider, and may be decisive in a transfer motion, even when each of the other

22   factors weigh against transfer. *See Pratt v. Rowland*, 769 F.Supp. 1128, 1133 (N.D.

23   Cal. 1991) (citing 15 Wright & Miller § 3851).  The Supreme Court has noted that

24   Courts should give great weight to this factor, because "to permit a situation in which

25   two cases involving precisely the same issues are simultaneously pending in different

26   District Courts leads to the wastefulness of time, energy, and money that § 1404(a)

27   was designed to prevent." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26

28   (1960).  "Litigation of related claims in the same tribunal is strongly favored because

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  it facilitates efficient, economical and expeditious pre-trial proceedings and discovery

2  and avoids duplicitous litigation and inconsistent results." *Durham Productions, Inc.*

3  *v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982).

4  *See also Liggett Group, Inc. v. R..J. Reynolds Tobacco Co.*, 102 F. Supp.2d 518, 537

5  (D.N.J. 2000) ("[I]t is in the interests of justice to permit suits involving the same

6  parties and issues to proceed before one court"); *Genesisintermedia*, 2003 WL

7  25667662, at *4 (noting that it is in the interest of justice to avoid duplicative

8  litigation and to promote the efficient functioning of the courts).   Thus, the pendency

9  of related actions in the proposed transferee forum is a highly persuasive factor in the

10  "interest of justice" analysis.  *A.J. Industries, Inc. v. United States District Court for*

11  *Cent. Dist.*, 503 F.2d 384, 389 (9th Cir. 1974).

12  This action presents a textbook case where the interests of justice factor weighs

13  overwhelmingly in favor of transfer.  The Wisconsin and California Actions are

14  largely identical and seek certification of the same purported nationwide class, and

15  the plaintiffs are represented by the same principal counsel.  To litigate these actions

16  twice, in two separate forums, would be a waste of judicial resources and will force

17  the Defendants to incur unnecessary time, energy, and expense.  In its Motion before

18  the Joint Panel on Multi-District Litigation, Vehimax admitted that transfer and

19  consolidation are appropriate here,.  *See* Statement of Facts *supra* at pp. 6-7.  Such

20  duplicative litigation could also subject Defendants to conflicting, inconsistent

21  judgments.  Transfer to the U.S. District Court for the Eastern District of Wisconsin,

22  would avoid this, avoid wastefulness and thus carry out the purposes of § 1404(a).

23  *See id.* [5]

24

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

---

25  [5] Transfer of this case to Wisconsin is also appropriate, because both cases are in the early stages of litigation.

26  *U.S. ex rel. Adrian v. Regents of the Univ. of Calif.*, 2002 WL 334915 at *3 ("Fairness considerations may be decisive in ruling on a transfer motion, including factors such as whether the litigation is in an early or advanced stage."); *U.S. ex rel. Swan v. Covenant Care, Inc.* 1999 WL 760610 at *3 (N.D. Cal. 1999).  Furthermore, the fact that counsel for

27  Vehimax and Fond du Lac decided to amend the Wisconsin Action and has not, for some inexplicable reason, chosen to amend the complaint in this district is yet another factor favoring transfer of this action, because the Wisconsin Action

28  is at a more advanced stage of litigation.

CV09-6437 SVW (JEMx)
NOTICE AND MOTION TO TRANSFER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES

iv.  A Transferred and Consolidated Action Would Be the Most Convenient For The Parties And Witnesses.

In determining whether transfer is convenient for the parties and witnesses, this Court may consider the following factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Jones,* 211 F.3d at 498; *Genesisintermedia,* 2003 WL 25667662, at *2. Because the vast majority of these factors weigh in favor of transfer, this Court should transfer this Action to the Eastern District of Wisconsin.

a.  The Plaintiffs' Choice Of Forum Should Be Disregarded Here.

The plaintiff's choice of forum is accorded little weight when the plaintiff has no ties with the forum, and when there is no connection of the underlying claims to the forum. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). Likewise, a plaintiff's choice of forum is not given deference when the plaintiff is not a resident of the forum. *Bailey v. Union Pacific,* 364 F. Supp.2d 1227, 1230 (D. Colo. 2005). A plaintiff's choice of forum is also given little deference where, as here, the action is brought on behalf of a nationwide class. *Lou,* 834 F.2d at 739. *See also Koster v. (American) Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524 (1947); *Wayne County Employees' Retirement System v. MGIC Investment Corp.,* 604 F.Supp.2d 969, 976 (E.D. Mich. 2009) ("The fact that this is a class action weakens the plaintiff's claim for deference to its choice of venue further because the class members are not limited to residents of [the forum]"); *Williams v. Sears Roebuck & Co.,* No. C97-3794, 1998 WL 61307 at *1 (N.D.Cal. Jan. 29, 1998) ("[t]here is little deference given to choice of forums by plaintiff[s] representing a nationwide class.") (citing *Blake Const. Co., Inc. v. Int'l Harvester Co.,* 521 F.Supp. 1268, 1271-72 (N.D.Ill.1981)). Finally, a court should disregard a plaintiff's choice of forum where the suit is a result of

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    forum-shopping.  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir.

2    1991).[6]

3         The above cases dictate that Vehimax's choice of forum should be rejected.

4    First, Vehimax's action was brought on behalf of a nationwide class.  Second,

5    Vehimax is not located within this judicial district – it is over 1,500 miles away in

6    Laredo, Texas.  Third, as we have seen, the orchestrations of Vehimax's attorneys –

7    filing identical class-action lawsuits, less than 24 hours apart, filing an immediate

8    Section 1407 motion before the JPML and moving to be appointed lead counsel in

9    Wisconsin Action -- smack of forum-shopping.

10                    b.    The Eastern District Of Wisconsin Is The Most Convenient
                            District For The Parties.
11

12        Here, none of the Defendants are residents of California.  The named Plaintiff

13   in the California Action is not a resident of California.  Rather, it is a resident of

14   Laredo, Texas.  California Action Complaint at ¶ 10.  The named Plaintiff in the

15   Wisconsin Action is a resident of Wisconsin.  Because the Eastern District of

16   Wisconsin is the only district in which at least one of the parties is located, this factor

17   weighs favor of transfer.

18        The centrality of the Eastern District of Wisconsin also favors transfer.  If a

19   nationwide class is certified, as Plaintiffs have requested in both actions, the Eastern

20   District of Wisconsin, unlike the Central District of California, is located in the center

21   _____

22        [6] The fact that Vehimax's complaint was the first filed of the two identical complaints filed by the same
     counsel does not change the result that Vehimax's selection of forum should be disregarded.  Where a similar complaint
23   has already been filed in another court, there simply is no deference to a plaintiff's chosen forum, even if it was the
     first filed.  *Alltrade*, 946 F.2d at 623.  The "first filed" rule is "typically invoked to protect the *plaintiff's* choice of
24   forum in cases where the *defendant* has subsequently filed an identical or related suit in a different forum."  *Wiley v.*
     *Trendwest Resorts, Inc.*, 2005 WL 1910934, at *5 (N.D. Cal. 2005) (citing *Northwest Airlines, Inc. v. American*
25   *Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993)).  The "first filed" rule is not properly extended to a case "where a
     defendant is subjected to two different class actions that the *plaintiff* has filed in two different jurisdictions."  *Id.*  Equity
26   weighs in favor of allowing a defendant to consolidate two actions so that it is better able to defend itself against
     multiple, duplicative, class actions lawsuits.  *Wiley*, at *5.  *See also Firmani v. Clarke* 325 F.Supp. 689, 693 (D. Del.
27   1971) ("Winning the race to the courthouse' is not one of the standards to be applied when considering a motion to
     transfer under §1404(a)").  In any event, the *Bleznak* This rationale applies four-square here, especially considering that
28   the actions were identical and filed by plaintiffs represented by the same attorney.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

CV09-6437 SVW (JEMx)
NOTICE AND MOTION TO TRANSFER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES

of the United States, and would allow for more class-plaintiffs to travel a shorter distance to observe the proceedings.[7]  Therefore, this factor favors transfer.

c.   The Eastern District Of Wisconsin Is The Most Convenient District For The Witnesses.

The majority of the relevant witnesses in this case are located either outside of the U.S., in Taiwan, in Texas, or in the Eastern District of Wisconsin.  The Taiwanese and Texan witnesses will be required to travel regardless of whether this action continues in the Eastern District of Wisconsin, or in the Central District of California.  What they should not be required to do is to travel to *both* of these jurisdictions to defend themselves against identical class-actions.[8]  Likewise, representatives of Vehimax, the named plaintiff in the California action, would be required to travel from their residence in Laredo, Texas, regardless of the forum in which this Action proceeds.  In fact, according to Google Maps[9], Laredo, Texas is actually closer (by 22 miles) to Milwaukee than it is to Los Angeles.  On the other hand, representatives of Fond du Lac are located in the Eastern District of Wisconsin, and would be able to avoid extensive travel were this action transferred to the E.D. Wisconsin.  Likewise, the only third parties noted by Plaintiffs are located in Grand Rapids, Michigan, which just over 100 miles from the E.D. Wisconsin, and in Troy, Michigan, which is approximately 250 miles from the E.D. Wisconsin.  *See* Wisc. Am. Complaint, Ex. 2 to Iwrey Dec. at ¶¶67-69, Statement of Facts, *supra* at 8.  Accordingly, this factor tips the scale in favor of transfer.

---

[7] Although Plaintiffs' attorneys are located in California, this has no bearing on this Court's decision, as costs incurred by counsel are not a relevant factor. *See Jaramillio v. DineEquity, Inc.*, --F.Supp.2d--, 2009 WL 3287406, at *4 (N.D. Ill. 2009).

[8] Moreover, in cases where a foreign defendant is involved, a few additional hours of travel is considered insignificant. *See Coker v. Bank of America*, 984 F.Supp. 757, 765-766 (rejecting the argument that New York was a more convenient forum than New Mexico for witnesses traveling from Nigeria, because any difference in travel time was negligible, and because the acceptance of such an argument would cause federal courts with "gateway airports" to become the courts of convenience for cases involving foreign nationals).

[9] http://maps.google.com/maps?hl=en&tab=wl and Iwrey Dec., Ex. A hereto at ¶ 6.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

10

d.     Relevant Evidence Is Most Accessible From The Eastern District Of Wisconsin.

Because Rule 34 discovery can most often be generated and exchanged electronically, this factor is not given significant weight. *See Coker v. Bank of America*, 984 F.Supp. 757, 766 (S.D.N.Y. 1997). Notwithstanding, this factor still militates in favor of transfer, because the majority of the pertinent evidence in this case is located in Taiwan, Texas, and the Eastern District of Wisconsin, while no extensive discovery is likely to take place in the Central District of California. The lead Plaintiff in the Wisconsin Action, Fond due Lac, is the only named plaintiff who is located in either of the forums chosen by Vehimax's attorneys. If a class is certified, its claims would rise and fall with those of Fund du Lac. *See* Fed. R. Civ. P. 23(a)(3) (if a class is certified, the named plaintiff's claim is "typical" of the class, *i.e.*, determinative of the claims of the class). Thus, it is likely that Fond du Lac will be the subject of extensive discovery, both in terms of class certification and the merits. In contrast, the Central District of California has no such party-witness, as the named plaintiff there is located in Laredo, Texas, which is closer to E.D. Wisconsin than it is to this district. Accordingly, the California and Wisconsin Actions would be most conveniently consolidated and heard in the Eastern District of Wisconsin.

e.     The Eastern District Of Wisconsin Is Equally Capable Of Adjudicating The Plaintiffs' Federal Antitrust Claims.

Where federal law governs all claims raised, "either forum is equally capable of hearing and deciding those questions." *DealTime.com Ltd., v. McNulty*, 123 F.Supp.2d 750, 757 (S.D.N.Y. 2000). Because both Actions are based on federal antitrust claims, both forums are capable of analyzing the pertinent legal standards, and this factor weighs in favor of neither party.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

11

    f.     Transfer To The Eastern District Of Wisconsin Would Allow For The Consolidation Of The Plaintiffs' Actions.

Consolidation of related claims to the same tribunal furthers the economical and expeditious proceedings that § 1404(a) is intended to promote, as it serves to avoid "duplicitous [sic] litigation and inconsistent results." *Durham Productions,* 537 F.Supp., at 1243 (quoting *National Super Spuds, Inc. v. New York Mercantile Exchange,* 425 F. Supp. 665, 667 (S.D.N.Y. 1977)). *See also Jaramillio v. DineEquity, Inc.,* --F.Supp.2d--, 2009 WL 3287406, at *5 (N.D. Ill. 2009). ("1404(a) was designed to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts."). Here, a transfer to the Eastern District of Wisconsin would allow the California and Wisconsin actions to be consolidated pursuant to Fed. R. Civ. P. 42(a), thus furthering the public interest and the goals of § 1404(a).

    g.     The Eastern District Of Wisconsin Does Not Have A Congested Docket Compared To The Central District Of California.

The Eastern District of Wisconsin has a far less crowded docket than the Central District of California, and therefore would be better suited to efficiently handle this case. The judges in the Eastern District of Wisconsin have a far lighter case load than judges in the Central District of California, as measured by total cases, civil cases and weighted filings, per judge.

### Actions Per Judgment For The Year 2008[10]

|  | Total | Civil | Weighted Filings |
|---|---|---|---|
| E.D. Wisconsin | 311 | 231 | 376 |
| C.D. California | 540 | 433 | 578 |

Accordingly, this factor weighs in favor of transfer to the Eastern District of Wisconsin.

---

[10] Reported at: http://www.uscourts.gov/cgi-bin/cmsd2008.pl

12

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

IV.   **CONCLUSION AND REQUEST FOR RELIEF**

For the reasons stated herein, Defendants respectfully request that this Court grant its Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), and transfer this Action to the U.S. District Court for the Eastern District of Wisconsin.

Dated: February 9, 2010                    DYKEMA GOSSETT LLP


By: _____
    J. Kevin Snyder
    Attorneys for Defendant
    AUTO PARTS INDUSTRIAL, LTD.


Dated: February 9, 2010                    ROPERS MAJESKI KOHN &
                                           BENTLEY PC


By: _____
    Timothy L. Skelton

    Ropers Majeski Kohn & Bentley PC
    515 South Flower Street, Suite 1100
    Los Angeles • CA • 90071-2213
    Phone: (213) 312-2000
    Fax: (213) 312-2001
    tskelton@ropers.com

    Attorneys for Defendant
    GORDON AUTO BODY PARTS

PAS01\132388.3

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

CV09-6437 SVW (JEMx)
NOTICE AND MOTION TO TRANSFER VENUE;
MEMORANDUM OF POINTS AND AUTHORITIES